**NRDC**

January 22, 2021

<u>By ECF</u>

Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    *Nat'l Audubon Soc'y v. U.S. Fish & Wildlife Serv.*, 21-cv-448-PGG

Dear Judge Gardephe:

      I represent Plaintiffs Natural Resources Defense Council and National Wildlife Federation in the above-captioned case. I submit this letter on behalf of all Plaintiffs to bring to the Court's attention two potentially related civil cases. *See* Local Civil Rule 1.6(a).

      The above-captioned case challenges a recent regulation promulgated by the U.S. Fish and Wildlife Service, 86 Fed. Reg. 1134 (Jan. 7, 2021), which codifies the agency's interpretation of Section 2(a) of the Migratory Bird Treaty Act (MBTA), 16 U.S.C. § 703(a), as previously set forth in a December 2017 memorandum opinion by the Solicitor of the Interior. Judge Caproni of this Court had held, in a set of earlier consolidated cases, that the identical interpretation set forth in that December 2017 Solicitor opinion was "contrary to the plain meaning of the MBTA and therefore must be vacated." *NRDC v. U.S. Dep't of the Interior*, No. 18-cv-4596-VEC, 2020 WL 4605235, at *14 (S.D.N.Y. Aug. 11, 2020) (consolidated with *Nat'l Audubon Soc'y v. U.S. Dep't of the Interior*, 18-cv-4601-VEC, and *New York v. U.S. Dep't of the Interior*, 18-cv-8084-VEC), *appeal filed* No. 20-3491 (2d. Cir.).

      When Plaintiffs filed the above-captioned case, they designated it as related to the earlier consolidated cases given the substantial factual overlap, the potential for conflicting orders, and the efficiency of avoiding duplication of efforts. *See* ECF 5 (statement of relatedness). Further, because the earlier consolidated cases are presently "on appeal" to the Second Circuit, any presumption against relatedness does not apply. Rule 13(a)(2)(B) of the Division of Business Among District Judges in the Southern District. It is our understanding, however, that the above-captioned case has not yet been "forwarded to the judge before whom the allegedly related case … having the lowest docket number is or was pending," to "decide whether to accept or reject the case." Rule 13(b)(2).

      In addition, Plaintiffs are also aware of another potentially related civil case, *New York v. U.S. Dep't of the Interior*, 21-cv-452-RA, which challenges the same regulation as does this case. Plaintiffs in both cases claim the regulation must be set aside because it contravenes the MBTA and is premised on the reasoning of the

December 2017 Solicitor opinion, which this Court vacated as contrary to law. Plaintiffs in the *New York* case also designated their case as related to the earlier consolidated cases.

 We thank the Court for its consideration of and attention to these matters.

            Respectfully submitted,

            */s/ Ian Fein*
            Ian Fein (pro hac vice applicant)
            Natural Resources Defense Council
            111 Sutter Street, 21st Floor
            San Francisco, CA 94104
            415-875-6147
            ifein@nrdc.org

            *Counsel for Plaintiffs Natural Resources Defense*
            *Council and National Wildlife Federation*