

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 30, 2021

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Nat'l Audubon Soc'y v. U.S. Fish & Wildlife Serv.*, 21 Civ. 448 (VEC)
              *State of New York v. U.S. Dep't of the Interior*, 21 Civ. 452 (VEC)

Dear Judge Caproni:

      On behalf of Defendants, I am writing to advise the Court that on September 28, 2021, defendant U.S. Fish and Wildlife Service ("FWS") signed for publication in the *Federal Register* a rule revoking the regulation at issue in this case, and also undertook additional actions reflecting this revocation, future enforcement direction and a proposed additional rulemaking under the Migratory Bird Treaty Act ("MBTA"), 16 U.S.C. § 703 *et seq*. Defendants believe these actions materially alter the regulatory landscape and moot the claims in the present case. Accordingly, Defendants respectfully request that the current briefing schedule on cross-motions for summary judgment [ECF No. 50], including the October 1, 2021 deadline for Defendants' opposition brief, be held in abeyance so that the parties may meet and confer in an effort to reach consensual agreement on next steps and submit a joint status letter within two weeks to the Court either describing such agreed steps or submitting competing proposals. This is the Defendants' first request for a suspension of the Court's briefing schedule. Plaintiffs consent to this request but reserve the right to contest Defendants' position on mootness.

      At issue in these cases is FWS's January 7, 2021 rule ("the January 7 Rule") (codified at 50 C.F.R. § 10.14), defining the scope of the MBTA's prohibitions to exclude incidental take. On September 28, 2021, FWS signed and submitted to the Office of the Federal Register for publication in the *Federal Register* a regulation (the "Revocation Rule") that "revoke[s] the January 7 rule and remove[s] the regulation codifying the interpretation set forth in the January 7 rule at 50 CFR 10.14." Revocation Rule, at 3.[1] Consistent with the Congressional Review Act, which requires a minimum period of 60 days prior to the effective date of major rules, *see* 5 U.S.C. §§ 801(a)(3), 804(2), the Revocation Rule will come into effect on December 3, 2021.

---

[1] Pursuant to the Federal Register Act, *see* 44 U.S.C. § 1503, the new regulation, entitled *Regulations Governing Take of Migratory Birds*, is currently available for public inspection at https://public-inspection.federalregister.gov/2021-21473.pdf. Publication in the Federal Register is scheduled to occur on October 4, 2021.

*See* Revocation Rule at 1, 39.  Once the Revocation Rule is effective, "[t]he immediate effect . . . is to return to implementing the MBTA as prohibiting incidental take and applying enforcement discretion, consistent with judicial precedent and longstanding agency practice prior to 2017."  *Id.* at 1.

      Concurrently with the Revocation Rule, FWS issued an enforcement policy in the form of a Director's Order, which will go into effect on December 3, 2021.  *See* https://www.fws.gov/regulations/mbta/sites/default/files/2021-09/Final_MBTA_Directors_Order.pdf.  The Director's Order "confirms that the Service has reestablished its longstanding policy and practice of enforcing the MBTA pursuant to its interpretation of the Act as prohibiting the incidental take of birds," and "clarifies how we will prioritize program and law enforcement resources consistent with that interpretation upon the effective date of that rule."  Director's Order, at 2.

      Further, FWS has also submitted for publication in the *Federal Register* an advanced notice of proposed rulemaking and a notice of intent ("ANPR/NOI") to "codify[] our interpretation that the Migratory Bird Treaty Act (MBTA) prohibits incidental take of migratory birds and develop[] regulations that authorize incidental take under prescribed conditions."  *See* https://public-inspection.federalregister.gov/2021-21474.pdf, at 1.  The ANPR/NOI seeks to gather information for FWS's use in developing such regulations.  *See Id*.  The ANPR/NOI is "an initial step in a process to achieve and manage the long-term conservation of migratory birds and provide regulatory certainty to the regulated community," and requests public comment on potential alternatives for authorizing incidental take of migratory birds by December 3, 2021.  *Id.* at 1, 3.

      In light of these developments, we respectfully request that the Court suspend the current briefing schedule so the parties may meet and confer on next steps, with a joint status letter to be submitted in two weeks.  We thank the Court for its consideration of this letter.

                                          Respectfully submitted,

                                          AUDREY STRAUSS
                                          United States Attorney

By:    */s/ Tomoko Onozawa*
          TOMOKO ONOZAWA
          Assistant United States Attorney
          86 Chambers Street, Third Floor
          New York, New York 10007
          Tel.: (212) 637-2721
          Fax: (212) 637-2686
          E-mail: tomoko.onozawa@usdoj.gov

cc:    **via ECF**
       All Counsel of Record